UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERVIN R. FITZGERALD, | : |
| Plaintiff, | : Civil Action No. 15-7773 (JMV) |
| v. | : **MEMORANDUM OPINION** |
| DET. DAVID KOTHER, et al., | : |
| Defendants. | : |

APPEARANCES:
Mervin R. Fitzgerald, # 215668
Union County Jail
15 Elizabethtown Plaza
Elizabeth, NJ 07202
    Plaintiff, *pro se*

VAZQUEZ, District Judge

    Plaintiff Mervin R. Fitzgerald, a pretrial detainee confined at the Union County Jail in Elizabeth, New Jersey, filed this civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1), and submitted an application to proceed *in forma pauperis* (ECF No. 1-1). On November 16, 2015, this Court found Plaintiff's *in forma pauperis* application to be complete pursuant to 28 U.S.C. § 1915, and granted Plaintiff leave to proceed without prepayment of fees. (ECF No. 2).

    At this time the Court must screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B); seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b); or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. For the reasons set forth below, the Complaint will be DISMISSED for failure to state a claim upon

which relief can be granted with the exception of one claim. The claim, however, will be stayed pending the outcome of Plaintiff's underlying criminal case.

## I.  BACKGROUND

In his Complaint, Plaintiff states the following:

> The Original Complaint warrant 2014-000340-2009 (see attachment) was dated and issued on the 8th of April 2014. Eight days later upon approval of P. DeRose and only signed by Det. David Kother the warrant was executed. Mr. Fitzgerald was arrested and held on $200,000.00 cash bail. After 12 more days on April 28th I was seen by a magistrate doing nothing to rectify the situation. Being remanded to the Union County Jail I received a [sic] indictment filed August 7, 2014 from Ms. Parks [sic]. The indictment minus the grand jury transcript have been a [sic] impediment on my chance to prepare a fair defense. In belief that after putting Ms. Parks in [sic] notice of this defective warrant also stating that this is no mere technical error but one of a procedure matter. Every attempt on moving forward would be malicious. Ms. Park and P. DeRose are the acting prosecutors of Union County that is why I hold them responsible for the actions and practices of their law division. After five hundred days being held unwarranted I filed a pro se motion for dismissal of indictment after trying many times to contact my public defender Brian McCormick. Case management sent me a letter on September 2, 2015 stating they received and are holding my motion. Then enclosed LR-20 form to be returned before filing. Then on September 21, 2015 I received a letter from John R. Johnson First Asst. Deputy Public Defender stating he has forward [sic] my motion [to] Mr. McCormick.
>
> . . .
>
> As of today October 23rd I have had two cancelled court dates and no response from any party in this matter.

(Compl. 6-7, 8, ECF No. 1).

Plaintiff names three defendants. First, he names Detective David Kother of the Linden Police Department. Plaintiff asserts that Mr. Kother "issued a complaint warrant not upon oath or affirmation [and] served the warrant without any judicial's [sic] officer signature or determination of probable cause." (Compl. 4, ECF No. 1). Next, Plaintiff names Grace H. Park as a defendant. Plaintiff states that Ms. Park, who he states is the acting prosecutor of Union County, was notified that the complaint warrant was defective, yet "continued to move on [the]

2

faulty indictment" resulting in a violation of Plaintiff's due process rights and "aiding in malicious prosecution." (*Id.*). Finally, Plaintiff names P. DeRose, who Plaintiff states is a Union County prosecutor. Plaintiff asserts that P. DeRose "approved the complaint warrant issued not by oath or affirmation, nor with the determination of probable cause by any magistrate or judicial officer." (*Id.* at 5). Plaintiff asks that this Court "restore [his] liberty immediately" and compensate him and his family.

## II.   STANDARDS OF REVIEW

### A. Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from government employees.

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

"While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679); *see also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). In addition, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in *Thomaston v. Meyer*, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 453 (3d Cir. 1996).

Finally, in determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

III.   DISCUSSION

In his Complaint, Plaintiff appears to assert claims for false arrest/false imprisonment, and malicious prosecution.

A. Claims Against the Prosecutors

1. Personal Involvement

In his Complaint, Plaintiff specifically states that "Ms. Park and P. DeRose are the acting prosecutors of Union County that is why I hold them responsible for the actions and practices of their law division." (Compl. 7, ECF No. 1). However, the Third Circuit has "consistently held that '[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.'" *Batts v. Giorla*, 550 F. App'x 110, 112 (3d Cir. 2013) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988)); *see also Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (§ 1983 claims may not be based on vicarious liability, each defendant must have "personal involvement, including participation, or actual knowledge and acquiescence, to be liable"). Aside from the presence of these defendants' signatures on Plaintiff's complaint and indictment, and aside from Plaintiff's allegation that Ms. Park did not grant Plaintiff relief upon his assertion that his warrant was defective, Plaintiff has not pled any facts which suggest that these defendants had any personal involvement in a violation of his constitutional rights. Therefore, the claims against these defendants will be dismissed.

2. Prosecutorial Immunity

Even assuming that Plaintiff had pled personal involvement as to Defendants Park and DeRose, his claims against these defendants would fail. "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 418, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976); *LeBlanc v. Stedman,* 483 F. App'x 666, 670 (3d Cir. 2012) (per curiam) (finding prosecutors immune from suit where they are acting within the scope of their duties in a

6

criminal prosecution and noting that the protection includes a prosecutor's activities with preparing and filing charging documents); *Green v. United States*, 418 F. App'x 63, 66 (3d Cir. 2011) (per curiam) ("[P]rosecutors enjoy immunity from suit for damages under § 1983 for actions performed within their authority) (citations omitted); *Darby v. Geiger*, 441 F. App'x 840 (3d Cir. 2011). Therefore, to the extent Plaintiff's claims against Defendants Park and DeRose relate to actions within the scope of their prosecutorial duties, such as the initiation and pursuit of a criminal prosecution, these claims will be dismissed with prejudice.

     3. <u>Malicious Prosecution</u>

Finally, even assuming that prosecutorial immunity does not apply in this case, Plaintiff's claims for malicious prosecution against the defendant prosecutors fail. To state a claim for malicious prosecution under § 1983, a plaintiff must show that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia,* 582 F.3d 447, 461 (3d Cir. 2009). Here, however, Plaintiff concedes that the criminal proceeding against him is still ongoing. Therefore, he is unable to satisfy the second element of a claim for malicious prosecution; namely, he cannot show that the criminal proceeding ended in his favor. Accordingly, he has failed to state a claim under § 1983.[1]

---

[1]     This Court further notes that Plaintiff cannot seek relief under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

B. <u>Claims against Detective Kother</u>

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *Mikhaeil v. Santos*, No. 15-2932, 2016 WL 1445083, at *3 (3d Cir. Apr. 13, 2016) (citing *Groman v. Twp. of Manalapan,* 47 F.3d 628, 634 (3d Cir. 1995)); *James v. City of Wilkes–Barre,* 700 F.3d 675, 680 (3d Cir. 2012); *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir. 1988)). Here, Plaintiff asserts a false arrest claim against Defendant Kother and alleges that his arrest was based on a deficient warrant. *See Berg v. Cty. of Allegheny*, 219 F.3d 261, 269-70 (3d Cir. 2000) ("[A]n erroneously issued warrant cannot provide probable cause for an arrest.") (citing *Whiteley v. Warden*, 401 U.S. 560, 91 S. Ct. 1031, 28 L.Ed.2d 306 (1971)).

Under New Jersey State law, a warrant for arrest can be based on the complaint of any individual, but must be signed by "a judge, clerk, deputy clerk, municipal court administrator or deputy municipal court administrator." N.J. CT. R. 3:3-1(a). In his Complaint, Plaintiff alleges that Defendant Kother "served the warrant without any judicial officer signature or determination of probable cause." (Comp. 4, ECF No. 1). Plaintiff attaches a copy of the "complaint-warrant" to his Complaint. (ECF No. 1-2). Indeed, this document is not signed by a court administrator, deputy court administrator, or judge. *Id.* Therefore, at the pleading stage, it appears that Plaintiff has properly pled that the complaint-warrant is technically deficient pursuant to New Jersey Court Rule 3:3-1(a).[2]

---

[2] To the extent Plaintiff asserts that the warrant was not issued "upon oath or affirmation" (Compl. 4, 5), he is mistaken. In fact, Defendant Kother provided the "oath or affirmation" when he certified as to the truthfulness of the statements in the complaint-warrant made in support of probable cause. (ECF No. 1-2). The only deficiency in the complaint-warrant, therefore, is that it is not properly signed by "a judge, clerk, deputy clerk, municipal court administrator or deputy municipal court administrator" pursuant to N.J. Ct. R. 3:3-1(a).

However, "[g]enerally speaking, the act of filing a criminal complaint does not constitute an action taken under color of state law, since any individual may do so." *Sampson v. Sampson*, No. 10-2008, 2011 WL 2473389, at *4 (D.N.J. June 20, 2011) (collecting cases); *see also Kalina v. Fletcher*, 522 U.S. 118, 130, 118 S. Ct. 502, 510, 139 L. Ed. 2d 471 (1997) (holding that when a person makes the constitutionally required oath or affirmation regarding the facts which give rise to probable cause for an arrest warrant, the "only function that she performs in giving sworn testimony is that of a witness"). Therefore, to the extent Plaintiff asserts a claim against Defendant Kother based on the fact that he "issue[d]" the allegedly deficient warrant, *see* (Compl. 4, ECF No. 1), Plaintiff has failed to establish that Defendant Kother was acting under color of state law and he has failed to state a claim under § 1983. *See West*, 487 U.S. at 48.

The Court notes that it is unclear from the Complaint precisely who executed the allegedly deficient warrant and whether that individual had probable cause to arrest Plaintiff. Plaintiff does not provide specific details regarding his arrest and states only that "the warrant was executed" and "Mr. Fitzgerald was arrested." (Compl. 6, ECF No. 1). However, the Court notes that in describing Defendant Kother, Plaintiff states that Defendant Kother "served" the warrant. In construing the *pro se* Complaint liberally as this Court must, *see Haines*, 404 U.S. at 520-21, it can be reasonably inferred that by stating that Defendant Kother "served" the warrant, Plaintiff has pleaded that Defendant Kother, himself, executed the allegedly deficient warrant and personally conducted a constitutionally violative seizure by arresting and detaining Plaintiff. Therefore, to the extent Plaintiff asserts that Defendant Kother was the individual who conducted the Fourth Amendment seizure without probable cause—as opposed to simply acting as the complainant for the complaint-warrant—he has sufficiently pled a cause of action against Detective Kother.

This Court notes that in *Younger v. Harris*, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings. 401 U.S. 37, 41, 91 S. Ct. 746, 749, 27 L. Ed. 2d 669 (1971). However, Plaintiff has adequately pled a lack of probable cause for his arrest and detention from the time of his arrest on April 16, 2014 to the time a grand jury returned an indictment against him on August 7, 2014 (Compl. 6-7, ECF No. 1), at which point probable cause for his imprisonment and prosecution was established. *See King v. Deputy Atty. Gen. Del.,* 616 F. App'x 491, 497 n.6 (3d Cir. 2015) (quoting *Rose v. Bartle,* 871 F.2d 331, 353 (3d Cir.1989) ("[A] grand jury indictment or presentment constitutes *prima facie* evidence of probable cause to prosecute."). Therefore, because a determination by this Court as to the existence of probable cause for that time period would not interfere with the ongoing state criminal proceedings, the *Younger* abstention does not apply to Plaintiff's false arrest/false imprisonment claim against Defendant Kother. *See, e.g., Carley v. Tkach*, No. 07-3813SDW, 2008 WL 314565, at *5 (D.N.J. Jan. 30, 2008) ("This Court will allow Plaintiff's Fourth Amendment claim to proceed past the *sua sponte* dismissal stage under 28 U.S.C. §§ 1915(e) and 1915A(b) against Defendants Tkach and Krulikowsky because these officers caused Plaintiff's seizure pursuant to the improperly issued warrant.").

Indeed, the Supreme Court has stated

> [A] false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges. . . . If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.

*Wallace v. Kato*, 549 U.S. 384, 389-90, 127 S. Ct. 1091, 1096, 166 L. Ed. 2d 973 (2007) (citations omitted) (emphasis in original).

Nevertheless, Plaintiff, himself, does not distinguish between the time he spent incarcerated pursuant solely to the warrant (April 16, 2014 to August 7, 2014) and the time he has spent incarcerated since the grand jury returned an indictment. In fact, in the relief section of his Complaint, Plaintiff seeks compensation for "everyday [sic] spent incarcurated [sic] in the Union County Jail." (Compl. 9, ECF No. 1). Accordingly, it is apparent that Plaintiff views his continued incarceration and prosecution as an ongoing violation, and in his Complaint he seeks damages for the entire time since his initial arrest. However, pursuant to the Supreme Court's holding in *Wallace*, any damages recoverable beyond August 7, 2014—the date the grand jury returned an indictment—must be based on a malicious prosecution claim. And, as explained above, Plaintiff cannot potentially succeed on a malicious prosecution claim until such time that a criminal proceeding first ends in his favor.

Because some of the claims in the Complaint are unable to be fully litigated until the conclusion of his criminal proceedings, the Court will stay Plaintiff's claims for false arrest/false imprisonment against Defendant Kother. "The power to stay a proceeding is derived from the inherent power of a court to efficiently manage its own docket." *Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 541-42 (D.N.J. 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")); *see also Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("A United States district court has broad power to stay proceedings."). In reaching this decision, this Court considered the fact that both Plaintiff's malicious prosecution claim and his false arrest/false imprisonment claims are based on a similar fact pattern—*i.e.*, Plaintiff

11

claims that the prosecutors' actions were malicious because they moved forward with the prosecution after being notified of the defective warrant (Compl. 7, ECF No. 1).  The Court also considered the possibility that the amount of damages which Plaintiff may be awarded if he achieves success on the false arrest/false imprisonment claims may be affected by a conviction in the underlying criminal proceeding and the receipt of jail time credit for time spent incarcerated on the defective warrant.  Accordingly, in the interests of justice and judicial economy, it is prudent for this Court to stay this action pending the conclusion of Plaintiff's criminal proceedings.

   C. <u>Request for Immediate Release</u>

To the extent Plaintiff seeks immediate release, his claims are not properly brought in a civil complaint pursuant to 42 U.S.C. § 1983.  Rather, after a criminal judgment has been entered against him, and after he has exhausted his constitutional claims before all three levels of the New Jersey state courts, Plaintiff can then present his constitutional claims in this Court in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S. Ct. 1827, 1830, 36 L. Ed. 2d 439 (1973).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's malicious prosecution claims against Defendants Park and DeRose are dismissed without prejudice.  Plaintiff's Fourth Amendment claims against Defendant Kother are facially plausible at this stage.  For the reasons stated above, however, the matter will be stayed pending the outcome of the underlying criminal action.  The Clerk of the Court will be ordered to administratively terminate this case.[3]  Plaintiff may apply to reopen by

---

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar *if* it was originally submitted timely.  *See Houston v. Lack*, 487

submitting a letter to the Court within 30 days after a judgment on his underlying criminal proceeding becomes final.

    An appropriate Order follows.

<u>s/ John Michael Vazquez</u>  
JOHN MICHAEL VAZQUEZ  
United States District Judge

Date: 05/20/16

---

U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).