<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MERVIN R. FITZGERALD, | : |
|  | : |
|  | : Civil Action No. 15-7773 (JMV) |
| Plaintiff, | : |
|  | : |
| v. | : **OPINION** |
|  | : |
| DAVID KOTHER, *et al.,* | : |
|  | : |
| Defendants. | : |
|  | : |

APPEARANCES:

Mervin R. Fitzgerald
Union County Jail
15 Elizabetown Plaza
Elizabeth, NJ 07202
    Plaintiff, *pro se*

**VAZQUEZ, District Judge**

Plaintiff Mervin R. Fitzgerald filed this civil rights action on October 29, 2015. (ECF No. 1.) He was granted *in forma pauperis* status on November 16, 2015, pursuant to 28 U.S.C. § 1915. (ECF No. 5.) On May 20, 2016, this Court dismissed Plaintiff's claims against Defendants Park and DeRose without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and stayed the remaining claims pending the outcome of Plaintiff's underlying criminal action. (ECF No. 5.) On August 2, 2016, this Court granted Plaintiff's request to file an amended complaint. (ECF No. 7.) The Amended Complaint (ECF No. 8) is now before the Court for screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

I.  DISCUSSION

A.  *Sua Sponte* Dismissal

Under 28 U.S.C. § 1915(e)(2)(B), district courts must review complaints filed by persons proceeding *in forma pauperis* in civil actions, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

In addition, Courts must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal

pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (citation omitted).

    B.    <u>The Amended Complaint</u>[1]

The defendants named in the Amended Complaint include (1) the Linden Police Department and the Union County Prosecutor's Office; (2) Detectives David Kother, Kevin Mikolajczyk, Matthew Marcino, Jeffery W. Clark and Officers Frank Vigginano and David Nolasco of the Linden Police Department; and (3) Prosecutors Grace H. Park, P. DeRose, Michelle J. Ghali, and Nathan Hewitt Guyton of the Union County Prosecutor's Office. (ECF No. 8 at ¶4.)

Plaintiff alleges the Complaint Warrant, dated April 8, 2014, which led to his arrest and criminal prosecution in Union County Superior Court, was deficient because it did not determine probable cause;[2] it is not signed by a judge or judicial officer, and it sets an unauthorized bail at $200,000. (ECF No. 6 at 12.) Detective David Kother signed the Complaint Warrant, and P. DeRose approved it. (*Id.* at 13.)

The warrant was executed on April 16, 2014, when Officers Frank Vigginano and David Nolasco of the Linden Police Department arrested Plaintiff. (*Id.*) Detective Kevin Mikolajczyk aided in the arrest by advising Plaintiff of his Miranda rights and attempting to interrogate Plaintiff without counsel or a chance to invoke his right to remain silent. (*Id.*) Detective Matthew Marcino

---

[1] The facts stated herein are taken from the allegations in the Amended Complaint, which the Court accepts as true solely for purposes of determining whether Plaintiff may proceed.

[2] Plaintiff attached a copy of the Complaint Warrant to the Amended Complaint. (ECF No. 8.) Plaintiff was charged with armed robbery in the course of a theft and firearm violations. (*Id.* at 20.) The Complaint Warrant states: "Probable Cause: Detective's investigation, sworn statements, positive identification, DNA evidence." (*Id.* at 21.)

3

was the "superior officer on duty," and he approved the actions taken by the arresting officers and thus failed to shield Plaintiff from Fourth Amendment violations of false arrest and false imprisonment. (*Id.* at 13-14.)

On April 17, 2015, Officer Jeffery W. Clark approved the action taken on April 16, 2014, although he could have rectified the false arrest and false imprisonment by questioning the need to obtain a judge or judicial officer's signature on the Complaint Warrant. (*Id.* at 14.) Plaintiff did not see a judge for twelve days. (*Id.*) Prosecutor Michelle J. Ghali used an erroneously issued Complaint Warrant, lacking probable cause, to get an indictment. (*Id.*)

Prosecutor Nathan Hewitt Guyton violated Plaintiff's right to due process by not producing discovery pursuant to the Court order of March 16, 2015. (*Id.* at 15.) Plaintiff requested new counsel from the Public Defender's Office, but he was denied. (*Id.* at 16.) Trial was scheduled for May 2, 2016, but Plaintiff is still waiting for a new trial date. (*Id.* at 16- 17.) Plaintiff seeks declaratory and injunctive relief and damages. (*Id.* at 18-19.)

      C.     <u>Opinion and Order Dated May 20, 2016</u>

Upon screening Plaintiff's original complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A, this Court dismissed without prejudice Plaintiff's malicious prosecution claims against Defendants Park and DeRose, and stayed Plaintiff's false arrest and false imprisonment claims against Defendant Kother pending the conclusion of Plaintiff's underlying state court criminal proceeding. The Court also instructed Plaintiff that, to the extent he sought immediate release, he is required to exhaust his state court remedies before he can present his constitutional claims in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In his original complaint, Plaintiff had not alleged how Defendants Park and DeRose were personally involved in an alleged violation of Plaintiff's constitutional rights, but the Court noted

that "a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 418 (1976). The Court also explained that to the extent Plaintiff was trying to allege a malicious prosecution claim, he was unable to show the required element that the criminal proceeding ended in his favor.

This Court found that Plaintiff failed to establish a § 1983 claim against Detective Kother for issuing the allegedly deficient warrant, because when a person makes the constitutionally required oath or affirmation regarding the facts which give rise to probable cause for an arrest warrant, the "only function that she performs in giving sworn testimony is that of a witness." *Kalina v. Fletcher*, 522 U.S. 118, 130 (1997). Therefore, Detective Kother was not acting under color of state law, as required to state a claim under § 1983. However, construing the original complaint liberally, this Court found Defendant Kother was the individual who conducted the Fourth Amendment seizure, allegedly without probable cause, and this stated a claim for false arrest. This Court, however, stayed the action because the malicious prosecution claims in the original complaint were unable to be fully litigated until the conclusion of the criminal proceedings.

    D.    Analysis

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

    1.    Linden Police Department

Police departments cannot be sued in § 1983 actions because "the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F.Supp.2d 255, 264 (E.D. Pa. 2001). The Court will dismiss the Linden Police Department with prejudice because it is not a proper defendant.

### 2. Union County Prosecutor's Office

County Prosecutor Offices are acting as arms of the state when they perform classic law enforcement and investigative functions. *Beightler v. Office of Essex County Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009) (citing *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)). When performing such functions, they are entitled to immunity under the Eleventh Amendment. *Id.* Plaintiff alleges the Union County Prosecutor's Office is liable for the actions of its prosecutors in pursuing a criminal proceeding against Plaintiff with a deficient Complaint Warrant and without a showing of probable cause to arrest. The actions of the prosecutors alleged in the Amended Complaint are classic law enforcement and investigative functions. Therefore, the Court will dismiss the claims against the Union County Prosecutor's Office with prejudice.

### 3. Prosecutors Grace H. Park, P. DeRose, Michelle J. Ghali, and Nathan Hewitt Guyton

Plaintiff alleges Prosecutors Park, DeRose and Ghali violated his constitutional rights by "moving forward on" and "approving" a defective Complaint Warrant, and proceeding to a grand jury without rectifying an invalid Complaint Warrant that lacked probable cause. (ECF No. 8 at 5-6.) Plaintiff also alleged Assistant Prosecutor Nathan Hewitt Guyton violated his right to a fair trial by failing to produce discovery ordered produced by the trial court in his underlying criminal case. (ECF No. 8 at 8-9.)

A prosecutor has absolute immunity for actions performed in a judicial or quasi-judicial capacity, which includes actions "intimately associated with the judicial phases of litigation," but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings. *Odd v. Malone,* 538 F.3d 202, 208 (3d Cir. 2008) (quoting *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (internal quotation omitted)). The decision to prosecute and present evidence to a grand jury is the initiation of a judicial proceeding. *See Imbler*, 424 U.S. at 427-28 (prosecutors are absolutely immune from malicious prosecution claims); *Hyatt v. County of Passaic*, 340 F. App'x 833, 837 (3d Cir. 2009) (county prosecutors have absolute immunity for charging and indicting). Responding to a discovery order in a criminal proceeding is also an action intimately associated with the judicial phase of litigation that is entitled to absolute immunity. *See Light v. Haws*, 472 F.3d 74, 77 (3d Cir. 2008) (participation in court proceedings is a prosecutorial action that warrants absolute immunity) (citing *Carter v. City of Philadelphia*, 181 F.3d 339, 356 (3d Cir. 1999)). Therefore, the defendant prosecutors are immune from Plaintiff's § 1983 claims in the Amended Complaint. These claims will be dismissed with prejudice. Having dismissed the malicious prosecution claims, there is no need to stay this action pending conclusion of the underlying criminal action. The Court will lift the stay.

4. False Arrest and False Imprisonment Claims Against the Linden Police Officers

Plaintiff alleges that he was arrested and imprisoned without probable cause. "The proper inquiry in a Section 1983 claim based on false arrest ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Groman v. Township of Manalapan*, 47 F.3d 628, 634-35 (3d Cir. 1995) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "Where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false

7

imprisonment based on a detention pursuant to that arrest." *Id.* at 636 (quoting *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988)).

          a.      <u>Detective Kother and Officers Vigginano and Nolasco</u>

This Court stayed Plaintiff's false arrest and false imprisonment claims against Detective Kother until Plaintiff's underlying state criminal proceeding is completed. In doing so, the Court liberally construed the Complaint and assumed Detective Kother was the officer who arrested Plaintiff because Plaintiff alleged Kother "served" the warrant. (ECF No. 4 at 9.) In the Amended Complaint, Plaintiff alleges that the warrant was executed by Officers Frank Vigginano and David Nolasco. Therefore, the Amended Complaint states a false arrest and imprisonment claim against Vigginano and Nolasco and not Detective Kother. The Court will allow the claims against Vigginano and Nolasco to proceed at this time. The claim against Detective Kother will be dismissed without prejudice.

          b.      <u>Officer Kevin Mikolajczyk</u>

In the Amended Complaint, Plaintiff alleges Detective Kevin Mikolajczyk aided in the arrest without probable cause by advising Plaintiff of his Miranda rights and attempting to interrogate Plaintiff without counsel or a chance to invoke his right to remain silent. These allegations do not state a claim that Mikolajczyk arrested Plaintiff without probable cause nor do the allegations state any other constitutional claim. *See Renda v. King*, 347 F.3d 550, 558 (3d Cir. 2003) ("[M]ere custodial interrogation absent Miranda warnings cannot be grounds for a § 1983 action," where there is no allegation that statements obtained from the custodial interrogation were used during trial.) The claims against Mikolajczyk will be dismissed without prejudice.

          c.      <u>Officer Jeffery Clark and Detective Matthew Marcino</u>

Plaintiff alleges Officer Jeffery Clark approved Plaintiff's false arrest and false imprisonment, which he could have rectified if he had questioned the need to obtain a judicial officer's signature on the Complaint Warrant. The Court will dismiss the claim against Clark because Plaintiff has not alleged any plausible facts supporting his claim that Clark "approved" Plaintiff's false arrest and false imprisonment. *See LeBlanc v. Stedman*, 483 F. App'x 666, 670 (3d Cir. 2012) ("[B]ald statement that county had a policy of accepting criminal charges and prosecuting without verifying the truth of the charges was insufficient to state a claim.") Plaintiff must plausibly allege what led him to conclude that Clark approved of and acquiesced in the false arrest and false imprisonment. *See Santiago v. Warminster*, 629 F.3d 121, 132 (3d Cir. 2010) (conclusory statement that an officer acquiesced in a subordinate's misconduct is insufficient to state a claim for supervisory liability.)

Similarly, Plaintiff alleged Detective Matthew Marcino was the "superior officer on duty" on April 16, 2014, and he approved the actions taken by the arresting officers. (ECF No. 8 at 13-14.) This conclusory allegation is insufficient to state a supervisory liability claim against Detective Marcino, and the claim will be dismissed without prejudice.

## II.     CONCLUSION

For the reasons discussed above, the Court will dismiss the defendant entities Linden Police Department and Union County Prosecutor's Office from this action with prejudice. The Court will also dismiss with prejudice Plaintiff's claims against Grace H. Park, P. DeRose, Michelle J. Ghali, and Nathan Hewitt Guyton, based on absolute prosecutorial immunity. The Court will dismiss Plaintiff's false arrest and false imprisonment claims against Detective Kother, Officer Kevin Mikolajczyk, Officer Jeffery Clark and Detective Matthew Marcino without prejudice for failure to state a claim. The Court will lift the stay in this matter permit the Amended Complaint to

proceed solely as to the false arrest and false imprisonment claims against Officers Frank Vigginano and David Nolasco.

An appropriate order follows.

<u>s/ John Michael Vazquez</u><br>
JOHN MICHAEL VAZQUEZ<br>
United States District Judge

Date: January 6, 2017